UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Shirley Ann Reed,

                            Plaintiff,

           - *against* -

Commissioner of Social Security,

                           Defendant.

**12 Civ. 5399 (NSR)(LMS)**

**REPORT AND
RECOMMENDATION**

## TO: THE HONORABLE NELSON ROMÁN, U.S.D.J.[1]

Shirley Ann Reed, proceeding <u>pro se</u>, brings this action pursuant to 42 U.S.C. §

1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security

(the "Commissioner"), finding that she was not entitled to supplemental security income under

the Social Security Act (the "Act").  Compl. ¶ 1.  Currently pending before the Court is

Defendant's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of

Civil Procedure.  Def't's Mot., D.E. 15 - 17.  Plaintiff has not filed an opposition to Defendant's

motion.  For the reasons that follow, I conclude, and respectfully recommend that Your Honor

should conclude, that Defendant's motion should be granted.

## I.     BACKGROUND

### A.     Procedural History

On March 1, 2008, Plaintiff filed an application for supplemental security income

---

[1] On October 19, 2012, Judge Ramos, to whom this matter was originally assigned,
referred this application to me for preparation of a Report and Recommendation.  Order of
Reference, Docket Entry (herein, "D.E.") 10.

("SSI"), claiming she had become disabled as of that date.  Administrative Record (herein, "AR") 94, D.E. 12.  Her claimed disability was due to a number of illnesses and conditions, including diabetes, hypertension, eczema on her hands, heel spurs, arthritis, depression, and obesity.  Id.  Plaintiff's application was denied on May 16, 2008, AR 51-59, and she thereafter requested a hearing by an Administrative Law Judge ("ALJ").  AR 60-62.  Following a hearing on January 6, 2009, ALJ Mark Solomon issued a written decision in which he determined that Plaintiff was not disabled within the meaning of the Act and was therefore not entitled to SSI.  AR 8-19.  On September 4, 2009, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, and adopted the ALJ's determination as the final decision of the Commissioner.  AR 1-4.

Plaintiff then commenced a civil action in this Court in November 2009, which was terminated in March 2010 after the parties stipulated to remand the matter to the Commissioner.  Reed v. Commissioner of Social Security, 09 Civ. 9655(RWS).  On remand, the Appeals Council vacated its September 2009 decision and referred the matter to an ALJ for further proceedings concerning Plaintiff's 2008 SSI application as well as another SSI application which Plaintiff had filed (and which had been denied) while her first civil action was pending.  AR 337-40.  In particular, the Appeals Council instructed the ALJ to fully develop the medical record.  AR 340.  On January 7, 2011, ALJ Solomon conducted a hearing on both applications, and on February 8, 2011, he issued a written decision in which he again concluded that Plaintiff was not disabled.  AR 294-334.  On June 19, 2012, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner.  AR 278-81.

On July 9, 2012, Plaintiff commenced the instant action, alleging that the ALJ wrongly denied her application for SSI.  Compl. ¶ 1.  Defendant answered on December 4, 2012.  Answer,

D.E. 11. I then issued an Order on December 11, 2012, setting a schedule for motions for judgment on the pleadings and advising Plaintiff that failure to oppose any such motion by Defendant might result in a recommendation by this Court that the motion be granted by default. D.E. 14. On January 30, 2013, Defendant filed the instant motion for judgment on the pleadings, as well as a certificate of service indicating that Plaintiff had been served with the motion by mail on that date. Def't's Certificate of Service, D.E. 17. Under my December 2012 Order, Plaintiff's opposition to the motion was due thirty days after service and filing of Defendant's motion for judgment on the pleadings. To date, Plaintiff has not filed any opposition to the motion, despite being advised of the potential consequences of failing to do so, and has made no requests for extensions of time.

## II.   APPLICABLE LEGAL PRINCIPLES

### A.   Standard of Review

The scope of review in an appeal from a denial of social security involves two levels of inquiry. First, the court must determine whether the Commissioner applied the correct legal standard in concluding that the plaintiff was not disabled. See Tejada v. Apfel, 167 F.3d 770, 773 (2d Cir. 1999). "Failure to apply the correct legal standard is grounds for reversal" of the ruling. Townley v. Heckler, 748 F.2d 109, 112 (2d Cir. 1984). Second, the court must decide whether the Commissioner's decision was supported by substantial evidence. See Green-Younger v. Barnhart, 335 F.3d 99, 105 - 06 (2d Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. at 106 (internal quotation marks and citations omitted). When determining whether substantial evidence supports the Commissioner's decision, it is important that the court "carefully consider[] the whole record, examining evidence from both sides." Tejada, 167 F.3d at 774

(citing Quinones v. Chater, 117 F.3d 29, 33 (2d Cir. 1997)). "It is not the function of a reviewing court to decide de novo whether a claimant was disabled." Melville v. Apfel, 198 F.3d 45, 52 (2d Cir. 1999). If the "decision rests on adequate findings supported by evidence having rational probative force, [the court] will not substitute [its own] judgment for that of the Commissioner." Veino v. Barnhart, 312 F.3d 578, 586 (2d Cir. 2002). Moreover, the ALJ "has an obligation to develop the record in light of the non-adversarial nature of the benefits proceedings, regardless of whether the claimant is represented by counsel." Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000).

### B.    Determining Disability

In the context of a claim for SSI, the Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). In evaluating a disability claim, regulations issued pursuant to the Act set forth a five-step process that the Commissioner must follow. See 20 C.F.R. § 416.920(a)(4).

First, the Commissioner will consider whether the claimant is working in "substantial gainful activity." Id. at § 416.920(a)(4)(i), (b). If the claimant is engaged in "substantial gainful activity," then the Commissioner will find that the claimant is not disabled. Id. Second, the Commissioner considers the medical severity of the claimant's impairments. Id. at § 416.920(a)(4)(ii). The claimant's impairment will not be deemed severe "[i]f [he or she] do[es] not have any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities." Id. at § 416.920(c). Third, if it is found that the claimant's impairments are severe, the Commissioner will determine if the claimant has

4

an impairment that meets or equals one of the impairments presumed severe enough to render one disabled, listed in Appendix 1 to Part 404, Subpart P of the Social Security Regulations. <u>See</u> <u>id.</u> at § 416.920(a)(4)(iii),(d). If the claimant's impairments are not on the list, the Commissioner considers all the relevant medical and other evidence and decides the claimant's residual functional capacity. <u>See</u> <u>id.</u> at § 416.920(e). Then, the Commissioner proceeds to the fourth step to determine whether the claimant can do his or her past relevant work. <u>See</u> <u>id.</u> at § 416.920(a)(4)(iv),(e) - (f). Finally, if it is found that the claimant cannot do his or her past relevant work, the Commissioner will consider the claimant's residual functional capacity, age, education, and work experience to see if he or she can make an adjustment to other work. <u>See</u> <u>id.</u> at § 416.920(a)(4)(v),(g).

The claimant bears the burden of proof on the first four steps of this analysis. <u>See</u> <u>DeChirico v. Callahan</u>, 134 F.3d 1177, 1180 (2d Cir. 1998) (citation omitted). If the ALJ concludes at an early step of the analysis that the claimant is not disabled, he or she need not proceed with the remaining steps. <u>See</u> <u>Williams v. Apfel</u>, 204 F.3d 48, 49 (2d Cir. 2000). If the fifth step is necessary, the burden shifts to the Commissioner to show that the claimant is capable of other work. <u>DeChirico,</u> 134 F.3d at 1180 (citation omitted).

**III.   <u>DISCUSSION</u>**

Plaintiff's Complaint asserts the boilerplate allegation that the ALJ's decision was "erroneous, not supported by substantial evidence in the record, and/or contrary to law." Compl. ¶ 9. As previously noted, Plaintiff has failed to file any opposition to Defendant's motion for judgment on the pleadings, despite being informed of the briefing schedule and of the consequences of failing to oppose the motion. Plaintiff has made no requests for an extension of time in which to oppose the motion.

In any event, this Court has reviewed the record as a whole and finds that there is substantial evidence supporting the ALJ's decision. ALJ Solomon applied the five-step analysis described above to Plaintiff's claim. He first determined that Plaintiff had not engaged in substantial gainful activity since March 1, 2008. AR 299. At step two, the ALJ determined that Plaintiff suffers from several severe impairments: degenerative arthritis of her knees, diabetes, hypertension, obesity, and bone spurs. Id. He concluded, however, that Plaintiff's degenerative disease in her fingers was not severe because no medical evidence had been presented which suggested it caused her any functional restrictions. Id. He also concluded that Plaintiff's adjustment disorder was not severe, based on the examination of a mental health professional, Dr. Kenneth Cochrane, who found that Plaintiff engaged in most activities of daily living, was able to socialize, had only a mild limitation on her ability to concentrate, and had no episodes of decompensation. AR 300.

At step three of the disability analysis, the ALJ concluded that Plaintiff's severe physical impairments did not meet or medically equal any of the impairments listed in the Act as disabling. AR 301. He then determined that Plaintiff has the residual functional capacity to perform simple, low-stress, sedentary work. Id. The ALJ based this conclusion on the entirety of the record, including evidence supplied by Plaintiff's treating physician, Dr. Craigh Bryan, and by a consultative examining physician, Dr. Rahel Eyassu. AR 302. Although Plaintiff testified at the hearing that she could only sit for fifteen to twenty minutes at a time before her feet became so swollen she had to elevate them, AR 323, the ALJ found that Plaintiff's assessment of her limitations was not credible, as she was noncompliant with treatment which would ostensibly have alleviated any such limitation, and was nonetheless able to engage in activities of daily living, like taking public transit, buying groceries, and cleaning. AR 303.

Furthermore, as the ALJ had the opportunity to observe Plaintiff testify, his determination as to her credibility is entitled to deference. Snell v. Apfel, 177 F.3d 128, 135 (2d Cir. 1999).

Finally, although the ALJ determined that Plaintiff could not perform her past relevant work as a security guard as it required too much physical exertion, he concluded that there were jobs available in the national economy which Plaintiff could perform, given her age, education, and residual functional capacity. AR 304. The ALJ based this conclusion in part on the testimony of a vocational expert. Id. Thus, the ALJ found that Plaintiff was not disabled within the meaning of the Act, and so was not entitled to SSI.

Therefore, because this Court finds that the ALJ's decision is supported by substantial evidence and is free from legal error, I conclude, and respectfully recommend that Your Honor should conclude, that Defendant's motion for judgment on the pleadings should be granted and this case should be dismissed with prejudice.[2] See Berry v. Schweiker, 675 F.2d 464 (2d Cir.1982).

IV.    **CONCLUSION**

For the foregoing reasons, I conclude, and respectfully recommend that Your Honor should conclude, that Defendant's motion for judgment on the pleadings (D.E. 15) should be granted, and this case should be dismissed with prejudice.

---

[2]Should Plaintiff file substantive objections to this Report and Recommendation, I respectfully request that Your Honor refer the motion back to me for a more detailed analysis of the claims.

V.    **NOTICE**

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties

shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d),

or a total of seventeen (17) working days, see Fed. R. Civ. P. 6(a), from the date hereof, to file

written objections to this Report and Recommendation.  Such objections, if any, shall be filed

with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable

Nelson Román at the United States Courthouse, 300 Quarropas Street, White Plains, New York,

10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later

appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Román.

Dated: August 12, 2013
       White Plains, New York

                          Respectfully submitted,

                          Lisa Margaret Smith
                          United States Magistrate Judge
                          Southern District of New York


A copy of the foregoing Report and Recommendation has been sent to the following:

The Honorable Nelson Román, U.S.D.J.

Shirley Ann Reed
1909 Amsterdam Ave , Apt. # 15D
New York, NY 10032-5029

Susan D. Baird
United States Attorney's Office
Southern District of New York
One St. Andrew's Plaza
New York, NY 10007