UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SHIRLEY ANN REED

                Plaintiff,                           12-cv-5399 (NSR) (LMS)

  -against-

                                         ORDER ADOPTING REPORT
COMMISSIONER OF SOCIAL SECURITY       AND RECOMMENDATION

              Defendant.
------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge

    Shirley Ann Reed ("Plaintiff"), proceeding *pro se*, seeks review under 42 U.S.C. § 1383(c) of a decision by the Commissioner of Social Security ("Defendant") denying her claim for Supplemental Security Income ("SSI") benefits. Defendant has moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. As this case was previously referred to Magistrate Judge Lisa M. Smith, on August 12, 2013, Judge Smith issued a Report and Recommendation ("R & R") pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b) recommending that Defendant's motion be granted. For the following reasons, Defendant's motion for judgment on the pleadings is granted.

### Background[1]

    On March 1, 2008, Plaintiff applied for SSI, claiming she was disabled due to diabetes, hypertension, eczema on her hands, heel spurs, arthritis, depression, and obesity. On May 16, 2009, her application was denied. Plaintiff subsequently requested a hearing, which was held before an Administrative Law Judge ("ALJ"). On January 16, 2009, the ALJ denied Plaintiff's

---

[1] Facts are taken from the R & R, unless otherwise noted.


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/19/2013

Copies mailed/~~faxed~~ 9/19/2013
Chambers of Nelson S. Román, U.S.D.J.

claim. After Plaintiff timely requested review, on September 4, 2009, the Appeals Council denied her request and adopted the ALJ's decision as Defendant's final decision.

In November 2009, Plaintiff commenced a civil action seeking review of Defendant's decision, and the parties stipulated to remand the matter to Defendant in March 2010. Meanwhile, Plaintiff reapplied for SSI and was again denied. Thereafter, the Appeals Council vacated its earlier decision and referred the matter and the second denied application to the ALJ, instructing him to fully develop the medical record. After a January 2011 hearing, on February 9, 2011, the ALJ again concluded Plaintiff was not disabled. On June 19, 2012, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as Defendant's final decision.

On July 9, 2012, Plaintiff filed the instant action, asserting that the decision to deny her benefits was erroneous, not supported by substantial evidence, or contrary to law. After filing an answer, Defendant on January 30, 2013, made the instant motion for judgment on the pleadings. Plaintiff did not file opposition papers.

On August 12, 2013, Magistrate Judge Smith issued the R & R recommending that this Court grant Defendant's motion for judgment on the pleadings. Neither party has filed written objections to the R & R.

## Discussion

A magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense" if so designated by a district court. Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings or recommendations as provided by rules of court. *A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.* A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b) (emphasis added); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "'[t]o accept the report and recommendation of a magistrate, to which *no timely objection* has been made, a district court need only satisfy itself that there is *no clear error* on the face of the record.'" *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (emphasis added) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); *accord Feehan v. Feehan*, No. 09 Civ. 7016 (DAB), 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Here, as neither party objected to Judge Smith's R & R, the Court reviews the recommendation for clear error. The Court finds no error on the face of the R & R. Substantial evidence supported the ALJ's determinations that (1) certain of Plaintiff's impairments were not severe, (2) those impairments which were severe did not qualify as and were not medically equivalent to one of the statutory impairments listed in the Social Security Administration's regulations which are presumed to render a person disabled, and (3) Plaintiff could perform certain sedentary jobs. Thus, record evidence supported the ALJ's finding that Plaintiff is not disabled under the Social Security Act, and the finding was not otherwise legally erroneous.

## Conclusion

For the reasons stated above, this Court adopts Magistrate Judge Smith's Report and Recommendation in its entirety. Defendant's motion for judgment on the pleadings is, therefore, GRANTED. The Clerk of Court is respectfully requested to terminate the motion at docket number 15. The Clerk of Court is directed to close this case.

Dated: Sept. 19, 2013
White Plains, New York

SO ORDERED:

_____ 9/19/13
NELSON S. ROMÁN
United States District Judge